THIS ORDER IS APPROVED.

Dated: October 21, 2009



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

LAW OFFICES
HOWARD A. CHOROST, P.C.
21 EAST SPEEDWAY BOULEVARD
TUCSON, ARIZONA 85705
(520) 792-0011
(520) 844-1196 (FAX)

Howard A. Chorost, Esq.
State Bar of Arizona No. 012663
*Howard.Chorost@azbar.org*

Attorneys for Movant Vantage West Credit Union

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

In Re:

David P. And Nancy Biel Stewart,

Debtor.
_____
Vantage West Credit Union,

Movant,

vs.

David P. And Nancy Biel Stewart, Debtor;
Dianne C. Kerns, Trustee,

Respondents.

Chapter 13 Proceedings

Case No. 4:09-bk-10713-JMM

**ORDER APPROVING MOTION FOR INTERIM PAYMENTS AS AND FOR ADEQUATE PROTECTION**

2005 Honda Pilot
VIN#5FNYF18575B048210

Vantage West Credit Union's Motion for the issuance of an Order Approving Interim Payments as and for Adequate Protection was filed on July 29, 2009 with regard to Movant's secured interest in and to a 2005 Honda Pilot VIN#5FNYF18575B048210, with all interested parties having been noticed, and there being no timely objections filed to said Motion,

IT IS HEREBY ORDERED granting the application. Vantage West Credit Union is hereby awarded the sum of $153.65 as and for Interim Adequate Protection Payments.

The Chapter 13 Trustee is directed to hold for distribution to Vantage West Credit Union the sum of $153.65 commencing the date the first Chapter 13 Plan payment is due and for each month thereafter that Debtor's bankruptcy case is pending from Chapter 13 Plan payments made by Debtors as and for Adequate Protection.

IT IS FURTHER ORDERED that these monthly disbursements shall continue to be held by the Trustee until such time as the Plan is confirmed <u>and</u> Vantage West Credit Union begins to receive regular montly payments of no less than $153.65 each month, or this case is dismissed or converted, subject to the provisions of 11 U.S.C. Sec. 348.

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall receive compensation for administration of the Estate for each Adequate Protection Disbursement made to Vantage West Credit Union.

IT IS FURTHER ORDERED that all adequate protection disbursements made to Vantage West Credit Union are final and not subject to disgorgement.

IT IS FURTHER ORDERED that upon dismissal or conversion of Debtor's case that adequate protection payments that have accrued and are not disbursed by the Chapter 13 Trustee are subject to *pro rata* disbursement along with administrative claims.

IT IS FURTHER ORDERED that Vantage West Credit Union has a secured interest in all accrued and accruing sums designated as its adequate protection and that upon entry of this Order, on in the event the case is dismissed or converted, subject to the provisions of 11 U.S.C. Sec. 348.

This Order is without prejudice to any additional rights Vantage West Credit Union may have under Title 11 of the United States Code.

DATED _____

_____
Hon. James M. Marlar
CHIEF UNITED STATES BANKRUPTCY JUDGE

Signed or entered as set forth above.

2